James LUNDGREN, d/b/a Pacific Construction Company, Appellant,

v.

Claude FREEMAN, Sydney B. Hayslip and Stewart Tuft, Co-partners d/b/a Freeman, Hayslip and Tuft, Appellees.

SCHOOL DISTRICT NO. 5, Appellant,

v.

James LUNDGREN, d/b/a Pacific Construction Company, Appellee.

No. 17232.

United States Court of Appeals Ninth Circuit.

June 30, 1961.

Reinhardt, Coblens & Stoll, Justin N. Reinhardt, Portland, Or., for appellant Lundgren.

Banta, Silven, Horton & Young, David C. Silven, Baker, Or., for appellant School Dist. No. 5.

Koerner, Young, McColloch & Dezendorf, Oglesby H. Young, James H. Clarke, Portland, Or., for appellees Hayslip and others.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This is a contractor's action against an owner school district and three architects asserting claims arising out of certain contracts for the construction of school facilities. Jurisdiction in the district court rested on diversity of citizenship.

In an order filed March 21, 1957, and a judgment entered April 22, 1957, the contractor, James Lundgren, was awarded judgment against School District No. 5, Baker, Oregon, in the sum of $66,-339.71, less certain credits and costs. Unadjudicated by this order and this judgment were Lundgren's claims against the school district and the architects, Claude Freeman, Sydney B. Hayslip and Stewart Tuft, for damages arising out of the alleged premature termination of the contract. Also undisposed of were Lundgren's claims against the architects in which he sought $150,000 for damages to reputation and $50,000 punitive damages.

The school district appealed from this order and this judgment. On September 9, 1958, we dismissed the appeals on the ground that the order and the judgment were not final decisions terminating the action, but left unresolved one issue with respect to the claim. School District No. 5 v. Lundgren, 9 Cir., 259 F.2d 101.

Pretrial conferences thereafter held led to entry on January 7, 1959, of an order dated December 15, 1958, in which it is recited:

"Order that no issue in this cause between plaintiff and School District No. 5 remains undisposed of, and does further

"Order that the only issues remaining in this cause are between the plaintiff and the defendants Freeman, Hayslip & Tuft."

Lundgren and the three architects then filed cross motions for summary judgment. On November 7, 1960, summary judgment was entered for the architects against Lundgren, and Lundgren's motion was denied. On November 30, 1960, Lundgren appealed from the judgment of November 7, 1960. On December 6, 1960, he appealed from the order of December 15, 1958, and on the same date the school district appealed from the order of March 21, 1957, and the judgment of April 22, 1957.

The architects have moved to dismiss both of Lundgren's appeals. The school district, involved only in Lundgren's appeal from the order of December 15, 1958, has moved to dismiss that appeal. Lundgren has moved to dismiss the school district's appeal.

We first consider the motions of the architects and the school district to dismiss Lundgren's appeal from the order of December 15, 1958. They argue that the appeal from this order should be dismissed because (1) the order is not a final decision but is merely interlocutory, (2) issues and claims between the contractor and school district remain unresolved and undecided, and (3) the court did not make the determination and direction necessary, under rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C. A., for entry as a final judgment of the order adjudicating less than all claims. The school district advances the additional contention that the appeal as to this order is not timely.

In our opinion on the school district's prior appeal it was stated that there had not, up to that time, been any disposition of that part of the claim asserted by Lundgren against the school district based on the alleged advance termination of the contract. Nor was any disposition made of that part of the claim during the period from the time our opinion was filed to December 15, 1958. It remains to be determined whether the declaration in the first paragraph of the order of December 15, 1958, quoted above, that no part of the claim remains undisposed of, constitutes a disposition of the reserved questions.

Examination of the record indicates that this declaration is based upon the view of the trial court that the award which Lundgren had received prior to the first appeal precluded him from seeking the additional damages to which the reserved questions related. In effect then, the order of December 15, 1958, when taken in conjunction with the order of March 21, 1957, and the judgment of April 22, 1957, constituted a complete adjudication of Lundgren's claim against the school district.

The order of December 15, 1958, was not appealable at that time, however, since Lundgren's claim against the architects remained to be disposed of, and no determination and direction of the kind specified in rule 54(b) as permitting an immediate appeal was entered. Lundgren's claim against the architects was completely disposed of by the summary judgment of November 7, 1960. The order of December 15, 1958, thus became appealable on November 7, 1960. The appeal from that order was taken on December 6, 1960, and was therefore timely.

The motions to dismiss Lundgren's appeal from the order of December 15, 1958, are therefore denied.

In moving for dismissal of Lundgren's appeal from the judgment of November 7, 1960, the architects advance the same reasons as those argued in support of their motion to dismiss Lundgren's appeal from the order of December 15, 1958.

We have held that the latter order, when taken in conjunction with a previous order and judgment, constituted a complete adjudication of Lundgren's claim against the school district. It follows that when the judgment of November 7, 1960, was entered, completely disposing of Lundgren's claim against the architects, all claims involved in the lawsuit were disposed of, and the entire case was ripe for appeal. No rule 54(b) determination or direction was then necessary. Lundgren's notice of appeal from the judgment of November 7, 1960, was filed on November 30, 1960, and was therefore timely.

The motion to dismiss Lundgren's appeal from the summary judgment of November 7, 1960, is therefore denied.

Lundgren's motion to dismiss the school district's appeal from the order of March 21, 1957, and the judgment of April 22, 1957, is made on the ground that the notice of appeal, filed on December 6, 1960, is not timely. Lundgren argues that this order and judgment became final when the subsequent order of December 15, 1958, was filed on January 7, 1959, and that the appeal should have been taken within thirty days of the latter date.

In the order of December 15, 1958, as we have noted, it is stated that no issue in the cause between Lundgren and the school district remains undisposed of. This order, considered in conjunction with the previous order and judgment, constituted an adjudication of all issues between Lundgren and the school district. But since Lundgren's claims against the architects had not yet been adjudicated, there could still be no appeal from the order of March 21, 1957, and the judgment of April 22, 1957, without a rule 54(b) determination and direction.

It is true that a rule 54(b) determination and direction had been entered on April 22, 1957. But that determination and direction had reference to the judgment entered on that date and had no

efficacy with regard to the subsequent order of December 15, 1958.

On November 7, 1960, Lundgren's claim against the architects was completely adjudicated. By reason of that judgment, and for the first time, the order of March 21, 1957, and the judgment of April 22, 1957, became appealable. The school district's notice of appeal was filed on December 6, 1960, and was therefore timely.

The motion by Lundgren to dismiss the appeal of the school district is therefore denied.