**Aurora Gazmin NAVARRO, Plaintiff-Appellant,**

v.

**DISTRICT DIRECTOR OF the UNITED STATES IMMIGRATION AND NATU-RALIZATION SERVICE, Defendant-Appellee.**

No. 75–1876.

United States Court of Appeals, Seventh Circuit.

Argued April 5, 1976.

Decided July 19, 1976.

Renato L. Amponin, Chicago, Ill., for plaintiff-appellant.

Samuel K. Skinner, U.S. Atty., Stanley D. Kubacki, Asst. U.S. Atty., Chicago, Ill., for appellee.

Before FAIRCHILD, Chief Judge, PELL, Circuit Judge, and WYZANSKI*, Senior District Judge.

PER CURIAM.

This matter was argued before the court April 5, 1976 and taken under advisement. After preparation of a proposed opinion on the merits, a defect in our own appellate jurisdiction came to our attention.

On July 17, 1975, the district court prepared and filed a memorandum decision on defendant's motion for summary judgment. The last two paragraphs of this document read as follows:

* Senior District Judge Charles E. Wyzanski, Jr., of the United States District Court for the District of Massachusetts is sitting by designation.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant file a certified copy of the administrative record within thirty (30) days here-of and, if it conforms to the documents filed with defendant's memorandum, his motion for summary judgment will be granted pursuant to F.R.C.P. 12(b)(6).

"This case will be called for a report on status on Monday, September 15, 1975 at 10:00 a. m."

Clearly although the words "adjudged and decreed" were used, this was not a final judgment when entered because of the condition stated with respect not only to the filing of the administrative record, but that it must conform to certain representations.

On July 21, 1975, the administrative record was filed. There was no order of the court finding that the record conformed and fulfilled the condition in the July 17 judgment.

On August 8, 1975, plaintiff filed a notice of appeal from the decision entered July 17, "granting defendant's motion for summary judgment." The plaintiff doubtless assumed that the administrative record conformed as required and fulfilled the condition so as to cause the July 17 judgment to become final. We are unable to make the same assumption in the absence of at least an order of the court determining that the administrative record did conform as required. Thus at the time the notice of appeal was filed, there had been no final judgment.

On September 15, 1975, the district court entered a brief order with respect to the "status" of the action. The order provided: "Government having filed certified record from Immigration and Naturalization Service, this cause is taken off the call."

This order, the last included in the record returned to this court, may have implied that the administrative record conformed as required, but it did not say so. It did not purport to be a judgment, and was referred to in the docket entry as an "order." The docket entry which pertained to the July 17

documents referred to them as an "order" and a "decision," not a "judgment."

Accordingly we conclude that, as far as the record before us shows, no final judgment has ever been entered in the action, and the appeal must be dismissed.

In an attempt to avoid wasting the efforts already put forth in this court, we indicate that if the district court now enters a final judgment, a new notice of appeal will bring the case to this court for determination on the merits by the same panel, without the necessity of further briefs or oral argument.

We have chosen to dispose of this matter by a published per curiam opinion rather than an unpublished order so as to emphasize the importance of care in the entry of a final judgment when the matter has become ripe for final disposition.

The appeal is DISMISSED.