**Julius RAPPAPORT, a/k/a Jerome Hirsh, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 76–2157.

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1977.

Decided June 22, 1977.

Richard E. Gorman, Chicago, Ill., for plaintiff-appellant.

Myron C. Baum, Acting Asst. Atty. Gen., Stephen M. Gelber, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendant-appellee.

Before FAIRCHILD, Chief Judge, CUMMINGS, Circuit Judge, and GRANT,* Senior District Judge.

PER CURIAM:

The district court filed a memorandum decision concluding with "Defendant's mo-

---

* Senior District Judge Robert A. Grant from the Northern District of Indiana is sitting by designation.

tion for summary judgment is granted." On a printed form customarily used in the Northern District of Illinois to record motions presented, appearances thereon, and dispositions thereof, the same sentence was inserted. We understand this form is ordinarily referred to as a "minute order." The minute order was reflected in a docket entry as follows: "Enter order dated September 21, 1976: Defendant's motion for summary judgment is granted. (draft) Grady, J."

Plaintiff filed a notice of appeal from "the District Court granting summary judgment in favor of the Defendant." Rule 58 of the Federal Rules of Civil Procedure makes plain that "Every judgment shall be set forth on a separate document" and is "effective," and, therefore, appealable, "only when so set forth and when entered as provided in Rule 79(a)." The importance of the requirement of a judgment on a separate document is explained in *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973).

■ In *Home Federal Sav. & L. Ass'n of Chicago v. Republic Ins. Co.,* 405 F.2d 18, 25 (7th Cir. 1968), we were able to construe a paragraph inserted in a minute order as a judgment, and thus to treat the minute order as a judgment "set forth on a separate document" under Rule 58 and "entered" in the civil docket under Rule 79(a). The paragraph referred to itself disposed of the issues in the case, and although it lacked the customary form of a judgment, we felt able to construe it as a denial of relief to plaintiff, and therefore, as a judgment. In the present case, the one sentence minute order is simply a ruling on a motion for summary judgment. The issues in the case are not resolved, nor is a final declaration of result made. At most, the minute order in this case directs a judgment. But to treat it as a judgment would just be stretching too far.

We do not mean to suggest it is desirable to have the matter rest upon the drawing of fine lines between those minute orders that can be considered final judgments and those that cannot. Indeed, we wonder whether in our desire to reach the merits in *Home Federal* and to avoid inconvenience to the parties and ourselves, we were not overly liberal in our construction of the minute order in that case.

Regardless, at the close of our opinion in *Home Federal,* we did state that "greater care ought to have been exercised in framing the document which constituted the ultimate disposition of an action from which an appeal was authorized." That was eight years ago. The statement has by no means achieved a solution to the problem in the Northern District of Illinois, for *Indrelunas,* decided four years ago, also arose there. Less than a year ago, this court, in dismissing an appeal for lack of a final judgment in the same district, noted:

> We have chosen to dispose of this matter by a published per curiam opinion rather than an unpublished order so as to emphasize the importance of care in the entry of a final judgment when the matter has become ripe for final disposition.

*Navarro v. District Director of U. S. Immig. & Natural. Ser.,* 539 F.2d 611, 612 (7th Cir. 1976). We find ourselves following the same procedure today to reaffirm the importance of entry of a proper final judgment as a requisite to appeal.

■ Either party may request the district court to enter a final judgment. If the district court does so, and if the appellant timely files a notice of appeal and causes these documents to be returned to this court, the new appeal will be assigned to the same panel for determination without further briefing or oral argument. The record may be retained in this court. No further docketing fee will be required, and no costs will be presently awarded.

APPEAL DISMISSED.