638 F.2d 1176
 UNITED STATES of America, Plaintiff-Appellant,
v.
60.22 ACRES OF LAND, MORE OF LESS, SITUATE IN KLICKITAT
COUNTY, STATE OF WASHINGTON; Dickey Farms, Inc., a
corporation; Klickitat County, Washington, a municipal
corporation; and Unknown Owners, Defendants-Appellees.
 No. 78-1132.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 19, 1980.
Decided Sept. 5, 1980.
 
 Edward J. Shawaker, Washington, D. C., argued for plaintiff-appellant; James W. Moorman, Washington, D. C., on brief.
 John L. Schwabe, Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before CHOY and FERGUSON, Circuit Judges, and BARTELS,* District Judge.
 CHOY, Circuit Judge:
 
 
 1
 The district court determined that a 1938 condemnation judgment did not grant the Government an unrestricted flowage easement over specified lands and, accordingly, fixed just compensation for the easement. Finding the district court's determination to be incorrect, we reverse and remand the case for further proceedings.
 
 
 2
 In 1975 the Government filed a complaint in condemnation seeking "the perpetual right, power, privilege and easement permanently to overflow, flood and submerge" the described land below the elevation of 83.9 feet mean sea level, to maintain mosquito control, and to clear any brush, debris and natural obstructions detrimental to the project; and also seeking the title to the timber and the improvements on the land. The complaint also sought to keep the land clear of structures for human habitation and other structures, excavations, and landfill projects that did not have Government approval. The Government identified Dickey Farms, Inc. as the record owner.
 
 
 3
 In August 1976 the Government filed a motion in limine to limit the testimony at trial to reflect that by a 1938 judgment the Government had acquired title to an unrestricted flowage easement up to an elevation of 96 feet above mean sea level on the land in question.
 
 
 4
 In 1937 the Government had petitioned for condemnation of a flowage easement over several parcels of land near the Bonneville Dam Project. The 1937 petition stated that the dam would raise the water level of the Columbia River so as permanently to flood and to overflow the described lands up to an elevation of 72.5 feet above mean sea level, that the natural flow of the river periodically would raise the water level on these lands up to an elevation of 91 feet above mean sea level, and "(t)hat to provide for seepage, wave action and other matters, the Secretary of War has determined it is desirable and necessary to acquire a flowage easement up to 96 feet above mean sea level" over the described lands. The 1938 judgment ordered the condemnation of the easement.
 
 
 5
 The district court in the instant case concluded that the 1938 condemnation judgment granted the Government the right permanently to flood the land only up to an elevation of 72.5 feet mean sea level and the right periodically to flood the land up to 96 feet mean sea level, as well as the right to remove debris. The district court concluded that the Government would have to pay just compensation for the right permanently to flood the land up to 83.9 feet mean sea level and denied the Government's motion in limine.
 
 
 6
 On appeal the Government claims the right to an unrestricted easement. Dickey Farms contends that because the Government complaint in this action identified only Dickey Farms as record owner of the parcel of land in question, the Government is estopped from asserting any ownership rights and, in the alternative, that the language of the 1937 condemnation petition limits the extent of the easement granted in the 1938 judgment. We disagree with both of these contentions.
 
 
 7
 Initiation of a condemnation action does not constitute a waiver by the Government of previously-acquired rights. See United States v. 93.970 Acres of Land, 360 U.S. 328, 79 S.Ct. 1193, 3 L.Ed.2d 1275 (1959); Mollohan v. Gray, 413 F.2d 349 (9th Cir. 1969) (dictum). The Government here is not estopped from claiming the right to an unrestricted easement merely because it instituted a condemnation action naming Dickey Farms as the record owner of the property.
 
 
 8
 The 1938 judgment on verdict granted the United States "a flowage easement over each of said tracts of land mentioned in the petitions herein up to 96 feet above mean sea level," and the final judgment in condemnation specifically granted "the right and easement to overflow and flood each of the tracts of land described in said petitions, up to the 96-foot contour line above mean sea level, together with the right to go upon and remove therefrom timber, brush and driftwood."
 
 
 9
 It is our responsibility to construe a judgment so as to give effect to the intention of the court, not to that of the parties. See Gila Valley Irrigation District v. United States, 118 F.2d 507, 510-11 (9th Cir. 1941). We believe that both 1938 judgments clearly express the court's intention to grant the Government an unrestricted easement up to an elevation of 96 feet mean sea level.
 
 
 10
 Even if the language of the final judgment itself did not convince us that the easement is unrestricted, the jury instructions given by the 1938 court surely would. The district court in that action instructed the jury that the owners of the land were entitled "to the full value of their lands at and below 96 feet above mean sea level" and that the Government was condemning "a perpetual flowage easement without limitation or restriction up to an elevation of 96 feet above sea level."
 
 
 11
 With such clear evidence supporting the Government's position, we cannot deny its claim. However sympathetic we may be to the landowner and regardless whether the Government has actually used the easement to the full extent, we are bound by the previous judgment.[1]
 
 
 12
 REVERSED and REMANDED for proceedings to determine just compensation for the additional rights the Government is seeking in this action.
 
 
 
 *
 The Honorable John R. Bartels, Senior District Judge for the Eastern District of New York, sitting by designation
 
 
 [1]
 Appellees rely on the following portion of the 1937 condemnation petition:
 That the said Bonneville Project when completed, will raise the water level of the Columbia River at and opposite the lands hereinafter described, to a low water elevation of 72.5 feet above mean sea level, and will permanently flood and overflow the lands of defendants as herein described, up to elevation 72.5 feet above mean sea level; That the natural flow of said Columbia River, after the construction of the said Bonneville Project, will periodically and occasionally raise the flow of said river to elevation 91 feet above mean sea level, and will occasionally and periodically flood and overflow all lands hereinafter described up to elevation 91 feet above mean sea level; That to provide for seepage, wave action and other matters, the Secretary of War has determined it is desirable and necessary to acquire a flowage easement up to 96 feet above mean sea level over the lands hereinabove referred to.
 The language of the petition does not directly contradict our understanding of the 1938 judgment. Rather than restricting the easement, the petition may be read as stating the reason why "the Secretary of War has determined it is desirable and necessary to acquire a flowage easement up to 96 feet above mean sea level." This interpretation supports the conclusion that the Government both requested and received an unrestricted easement up to an elevation of 96 feet mean sea level.