53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles H. FROST; Sheila E. Frost, Plaintiffs-Appellants,
v.
James P. FOX, Ruben Barrales; Mary Griffin; Tom Huening;
Ted Lampert; Michael D. Nevin; Anna G. Eschoo; Tom Nolan;
William J. Schumacher; San Mateo County; Geraldine E.
Green; Edward M. Riordan; John H. Booker, Kenneth North;
James A. Edmonds, Jr.; Clark Wallace; V.J. Whipple; State
of California; David R. Packard, Packard, Mellberg &
McConnell, Defendants-Appellees.
 No. 94-16551.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles H. and Sheila E. Frost appeal pro se the district court's order that: (1) dismissed their 42 U.S.C. Sec. 1983 complaint pursuant to Fed.R.Civ.P. 12(b)(6), and (2) declined to exercise supplemental jurisdiction over their pendant state law claims. The Frosts also request that this court allow them to supplement the record in a separate district court action.[1] We review de novo the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6), Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992), and for abuse of discretion the district court's decision not to exercise supplemental jurisdiction, O'Connor v. Nevada, 27 F.3d 357, 362 (9th Cir.1994), cert. denied, 63 U.S.L.W. 3690 (1995). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 In May, 1988, Charles Frost was convicted of grand theft and securities fraud in California state court. Frost's direct appeal of his conviction and his state habeas petition were denied. His federal habeas petition is currently pending before the federal district court in a separate action.[2] Frost subsequently filed this section 1983 action against numerous defendants alleging constitutional and state law violations arising from his state court conviction.
 
 
 5
 While Frost's section 1983 action was pending in district court, the United States Supreme Court handed down Heck v. Humphrey, 114 S.Ct. 2364 (1994). Defendant County of San Mateo sent a letter apprising the district court of this ruling. Frost then filed an objection to the letter on the basis that it was an ex parte communication. On August 3, 1994, the district court dismissed Frost's action pursuant to Heck. The district court declined to exercise pendant jurisdiction under 28 U.S.C. Sec. 1367(c)(3). Frost timely appealed.
 
 II
 Dismissal
 
 6
 Frost contends that the district court erred by (1) applying Heck to his case, (2) applying Heck retroactively, and (3) dismissing his case sua sponte. These contentions lack merit.
 
 
 7
 In Heck, the Supreme Court held that "[i]n order to recover damages under section 1983 for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated." Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (citing Heck, 114 S.Ct. at 2372). Furthermore, the Supreme Court's decision in Heck applies retroactively because the Court applied the rule announced in Heck to the parties in that case. See Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it).
 
 
 8
 Here, Frost alleges a widespread conspiracy between the defendants to withhold exculpatory evidence and to induce perjured testimony in order to secure his conviction.
 
 
 9
 Because Frost's allegations necessarily imply the invalidity of his conviction and he did not show that his conviction had been invalidated, we affirm the district court's dismissal of these claims. See Trimble, 49 F.3d at 585.
 
 
 10
 Finally, a trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.1987).[3] Although in general "the [trial] court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion," Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir.1981) (internal quotations omitted), "a dismissal may be made without notice where the claimant cannot possibly win relief," Omar, 813 F.2d at 991. Because Frost could not possibly state a claim for relief, the district court properly dismissed his action sua sponte. Id.
 
 III
 Supplemental Jurisdiction
 
 11
 Frost next contends that the district court abused its discretion by declining to exercise supplemental jurisdiction over his state law claims. This contention lacks merit.
 
 
 12
 Section 1367(c) of 28 U.S.C. provides that a district court may decline to exercise supplemental jurisdiction over a claim in four circumstances, one of which is when the district court dismisses all claims over which it has original jurisdiction. Harris v. Joint School Dist. No. 241, 41 F.3d 447, 449 (9th Cir.1994), petition for cert. filed, 63 U.S.L.W. 3583 (U.S. Jan. 3, 1995). "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of the factors of economy, convenience, fairness and comity will point toward declining to exercise jurisdiction over state law claims." O'Connor, 27 F.3d at 363 (brackets omitted). Because the district court dismissed Frost's only federal claim well before trial, the district court did not abuse its discretion by declining to exercise pendant jurisdiction over the remaining state law claims. See id.
 
 IV
 Leave to Amend
 A. Section 1983 Complaint
 
 13
 Frost contends that the district court erred by dismissing his complaint without giving him an opportunity to amend. This contention lacks merit.
 
 
 14
 In general, before dismissing a pro se civil rights complaint for failure to state a claim, a district court must give the litigant a statement of the complaint's deficiencies and leave to amend complaint. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623-24 (9th Cir.1988); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Leave to amend is not required, however, where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Karim-Panahi, 839 F.2d at 623. Because it is clear that Frost could not cure the deficiencies of his complaint by amendment, the district court was not required to give Frost leave to amend before dismissing his complaint.[4] See id.
 
 B. Habeas Petition
 
 15
 Frost also contends this court should allow him to amend his separate federal habeas complaint, currently pending in federal district court. This contention lacks merit.
 
 
 16
 This court has no jurisdiction over an action where there has been no final judgment and the issue has not been certified by the district court pursuant to Fed.R.Civ.P. 54(b). Zucker v. Maxicare Health Plans Inc., 14 F.3d 477, 485 (9th Cir.1994). The proper way to amend a complaint in district court is to request leave to amend from the district court. Fed.R.Civ.P. 15(a). Accordingly, if Frost desires to amend his habeas petition, he should request leave to amend from the district court in which the action is pending. See Fed.R.Civ.P. 15(a).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although both Charles and Sheila Frost brought this action, the events complained of revolve around actions solely involving Charles Frost. Thus for ease of reference, this disposition will refer only to Charles Frost
 
 
 [2]
 Case No. C 90-2021 MHP
 
 
 [3]
 To the extent that Frost contends that the County of San Mateo's letter concerning Heck, 114 S.Ct. 2364, was an impermissible ex parte communication, we note that the district court record shows that the Frosts received a copy of the letter contemporaneously with the district court
 
 
 [4]
 To the extent that Frost is contending that his due process rights were violated when he was disciplined by the California State Board of Accountancy and California Department of Real Estate based on his criminal conviction, we note that Frost was given a full administrative hearing prior to the imposition of either disciplinary action. Cf. Greenwood v. FAA, 28 F.3d 971, 975 (9th Cir.1994) (due process satisfied where notice and opportunity to discuss suspension of pilot examiner designation was provided promptly after suspension); Aiona v. Judiciary of Hawaii, 17 F.3d 1244, 1250 n. 9 (9th Cir.1994) (due process satisfied where full administrative hearing was provided prior to actual suspension of driver's license)