**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE WALKER, | No. 10-55822 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00702-PA |
| v. | |
| LINDA SANDERS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Clarence Walker appeals pro se from the district court's judgment denying

his 28 U.S.C. § 2241 habeas petition.  We have jurisdiction under 28 U.S.C.

§ 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Walker contends that his 12-month period of home confinement should have been counted against his 40-month period of imprisonment. This argument lacks merit because the home confinement was imposed as a special condition of supervised release. *See* 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment . . . .").

Walker also contends that the Bureau of Prisons ("BOP") had a duty to contact the district court to resolve an ambiguity in the judgment. Because there was no ambiguity, the BOP had no such duty. *See United States v. 60.22 Acres of Land*, 638 F.2d 1176, 1178 (9th Cir. 1980).

**AFFIRMED.**