NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DANIELLE SCHOTT, *Petitioner/Appellee,*

*v.*

RICHARD SCHOTT, *Respondent/Appellant.*

No. 1 CA-CV 14-0685 FC
FILED 3-15-2016

Appeal from the Superior Court in Maricopa County
No.  FC2012-051988
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

The Harrian Law Firm, PLC, Glendale
By Daniel S. Riley
*Counsel for Petitioner/Appellee*

Stewart & Lane, PLC, Phoenix
By Dianne N. Sullivan
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Peter B. Swann and Judge Michael J. Brown joined.

_____

**J O N E S**, Judge:

**¶1**　　　　Richard Schott (Husband) appeals the family court's order increasing his spousal maintenance obligation to Danielle Schott (Wife). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Husband and Wife were divorced by consent decree in July 2013. The decree memorialized an agreement reached at a settlement conference regarding the payment of spousal maintenance as follows:

> Q.　Spousal Maintenance:　Husband shall pay spousal maintenance to Wife in the amount of [sic] equal to $3,000.00 minus court ordered child support.　Based on the child support calculation, Husband is to pay Wife $1,100.00 per month for child support and $1,900.00 for spousal maintenance beginning the first day of the month following the close of escrow of the home.　Spousal maintenance is non-modifiable in duration but modifiable as to amount.　Wife shall receive $3000/month in support from child support and spousal maintenance for six years beginning with the first day of the first month after the marital residence is sold.

Thereafter, Husband commenced payments of $3,000 per month.

**¶3**　　　　In April 2014, Husband filed a petition to decrease his child support obligation to account for the emancipation of the parties' oldest child.　In response, Wife agreed child support should be reduced but counter-petitioned for a corresponding increase in spousal maintenance so the total monthly support payment remained $3,000 "in accordance with the terms of the Consent Decree."　Husband objected to the increase in spousal maintenance, arguing "it was never the intention that upon emancipation of any child, that [Wife] would continue to receive a total of $3000 per month until termination of the duration of the obligation."

2

¶4          An evidentiary hearing was held in August 2014. At that time, the parties stipulated to the admission of various correspondence between their attorneys regarding the language of the spousal maintenance provision included in the decree, as well as the transcript of the settlement conference. Husband argued the consent decree was ambiguous, but the extraneous documents illustrated the parties did not agree to a fixed sum of spousal maintenance for the full six years. The trial court, however, found the decree unambiguously provided Wife would receive $3,000 per month in combined support payments and declined to review any parol evidence in support of Husband's contention.

¶5          The family court ultimately entered an order decreasing Husband's monthly child support obligation to $830, increasing his monthly spousal maintenance obligation to $2,170, and awarding Wife her attorneys' fees. Husband timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[1] and -2101(A)(2). *See In re Marriage of Dorman*, 198 Ariz. 298, 300, ¶¶ 3-4 (App. 2000) (holding an order modifying custody from that specified in the dissolution decree is appealable as a special order after a final judgment).

## DISCUSSION

¶6          Husband argues the trial court erred in refusing to consider extrinsic evidence of the parties' intent when it interpreted the spousal maintenance provision contained within Subparagraph Q of the decree.[2] The application of the parol evidence rule is a question of law which we review *de novo*. *See Terry v. Gaslight Square Assocs.*, 182 Ariz. 365, 368 (App. 1994).

---

[1]          Absent material revisions from the relevant date, we cite a statute's current version.

[2]          Wife urges us to review only for fundamental error, arguing Husband failed to properly preserve the issue in the trial court. The record reflects Husband requested the court review extrinsic evidence regarding the parties' intent to assist in interpreting the spousal maintenance provisions of the decree on several occasions, including within his pleadings and the parties' pretrial statement. Husband's position is clearly articulated within the record, and we conclude this is sufficient to preserve the issue for appeal.

¶7         Parol evidence is generally admissible to determine the intent of the parties where contract language is "reasonably susceptible" to the interpretation advanced by the proponent of the evidence.  *Johnson v. Earnhardt's Gilbert Dodge, Inc.*, 212 Ariz. 381, 384, ¶ 12 (2006) (quoting *Taylor v. State Farm Mut. Auto. Ins.*, 175 Ariz. 148, 154 (1993)).  A divorce decree, however, is not a contract; it is a judgment.  *See* Ariz. R. Civ. P. 54(a) (defining "judgment" to include "a decree and an order from which an appeal lies"); *Craig v. Craig*, 227 Ariz. 105, 106, ¶ 6 (2011) (noting a dissolution decree is a final, appealable judgment) (citing A.R.S. § 12-2101(B)).  Even when based upon consent, the prior agreement of the parties "'is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by [the] decree.'"[3]  *LaPrade v. LaPrade*, 189 Ariz. 243, 247 (1997) (quoting *Glassford v. Glassford*, 76 Ariz. 220, 226 (1953)).

¶8         Furthermore, our supreme court has held "the parol evidence rule, a rule of substantive contract law, does not apply to a judgment."  *In re Marriage of Zale*, 193 Ariz. 246, 250, ¶ 15 (1999); *see also Simpson v. Superior Court*, 87 Ariz. 350, 356 (1960) ("[W]here a court has the general power to modify a decree for alimony or support, the exercise of that power is not affected by the fact that the decree is based on an agreement entered into by the parties to the action.") (internal quotation and citations omitted).  The rule has no application to a decree, which "exists as an independent resolution by the court of the issues before it and rightfully is regarded in that context and not according to the negotiated intent of the parties."  *Zale*, 193 Ariz. at 249, ¶ 11 (citing *United States v. 60.22 Acres of Land*, 638 F.2d 1176, 1178 (9th Cir. 1980)).  Indeed, "[t]o apply the rule to a judgment . . .

---

[3]         We note a prior agreement retains its contractual nature if it is incorporated, rather than merged, into the decree.  *Chopin v. Chopin*, 224 Ariz. 425, 427, ¶ 6 (App. 2010) ("Generally, when a spousal maintenance agreement is merged into the decree of dissolution, the agreement becomes part of the decree.  . . . However, when a spousal maintenance agreement is incorporated into the decree . . . the spousal maintenance agreement retains its independent contractual status and is governed by principles of contract law.") (citing *LaPrade v. LaPrade*, 189 Ariz. 243, 247 (1997)).  Neither party here argues the agreement regarding spousal maintenance was incorporated, rather than merged, into the decree, and the record does not suggest this to be the case. The spousal maintenance provision is simply contained within the body of the decree.  In contrast, the parties attached their parenting plan and expressly "incorporated [it] by reference," clearly evidencing their ability to incorporate an agreement had they desired to do so.

would make the court nothing more than another party to a contract, thus undermining the integrity of the judicial process and the authority of the court to resolve disputes." *Id.* at ¶ 10.

**¶9**  Although the family court declined to consider extraneous evidence for the wrong reason — concluding parol evidence was inadmissible because Subparagraph Q was unambiguous, *see United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 268 (1983) (noting "'no rule is better settled than that parol evidence is inadmissible to vary or control the plain and unambiguous terms of a written contract'") (quoting *Indus. Comm'n v. Ariz. Power Co.*, 37 Ariz. 425, 436 (1931)) — it nonetheless reached the correct result, and we find no error, *see Parkinson v. Guadalupe Pub. Safety Ret. Local Bd.*, 214 Ariz. 274, 277, ¶ 12 (App. 2007) ("We will affirm the superior court if its ruling was 'correct for any reason, even if that reason was not considered' by the court.") (quoting *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986)).

**¶10**  Husband also argues the trial court abused its discretion in failing to "interpret the provision in question against the drafter of the Decree" — whom he asserts to be Wife. *See, e.g., Abrams v. Horizon Corp.*, 137 Ariz. 73, 79 (1983) (noting the existence of a "preference to construe ambiguities against the drafter") (citing Restatement (Second) of Contracts § 206, and cmt. a (1979)). However, as noted, the decree of dissolution is not a contract but a judgment. And, although the trial court accepted the language proposed by the parties, upon execution, the drafter of the judgment became the court rather than Wife. Thus, the rule that ambiguities in contracts be construed against the drafter has no meaningful application in the context of a divorce decree. *Cf. Zale*, 193 Ariz. at 249, ¶ 10.

## CONCLUSION

**¶11**  Husband does not dispute on appeal that, in the absence of extrinsic evidence regarding the parties' intent and the context of the settlement, the decree unambiguously awards Wife the aggregate sum of $3,000 per month for child support and spousal maintenance. The trial court's orders modifying these amounts are thereby affirmed.

¶12 Both parties request attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324. After considering the parties' relative financial resources and the reasonableness of the parties' positions, *see* A.R.S. § 25-324(A), we award Wife her reasonable attorneys' fees and costs on appeal upon compliance with ARCAP 21(b).



Ruth A. Willingham · Clerk of the Court
FILED: ama