14 So.2d 379

**Ex parte CRAWFORD et al.**

**I Div. 187.**

Supreme Court of Alabama.

June 24, 1943.

D. P. Moore, of Mobile, for petitioners.

W. C. Taylor, of Mobile, for respondent.

LAWSON, Justice.

The petitioners filed in the Court of Appeals their petition for writ of certiorari to review and revise the action of the trial court in granting a motion of defendant below to retax costs in the case of Pearl Crawford and Ruth Evelyn Barnett v. O. C. Burns. Writ was issued and return made thereto. The cause was transferred to this court.

It appears that petitioners filed a statutory ejectment suit in the court below against Burns. There was a judgment for plaintiffs conditioned upon the payment by them to the defendant of the sum of fifty-five and 95/100 dollars ($55.95). Costs were taxed against the defendant in the original judgment. Plaintiffs paid into court the amount ordered to be paid by them. Defendant within thirty days moved that the costs be retaxed on the following grounds: (1) That the purported judgment taxing the costs against the defendant is not the true judgment rendered by the court and jury, which was to the effect that the costs should be taxed against the plaintiffs. (2) That the costs should be taxed against the plaintiffs, in that the plaintiffs brought suit against the defendant for the recovery of land without ten-

dering to the defendant all taxes, penalties and interest, that had been paid by the defendant or was due him according to law for purchase of land at a tax sale.

As before stated, the motion was granted and a formal judgment rendered by the court wherein all the costs were taxed against petitioners (plaintiffs below).

Certiorari does not lie when the remedy by appeal is available. Alabama G. S. R. Co. v. Christian, 82 Ala. 307, 1 So. 121; Ex parte Dickens, 162 Ala. 272, 50 So. 218. The petitioners could have appealed from the judgment taxing the costs against them. The matter now stands as if the original judgment had so taxed the costs. The remedy by appeal was available to petitioners regardless of the nature of the motion to retax the costs. It is not here necessary to determine whether the motion was one seeking to invoke the provisions of Section 77, Title 11, Code of 1940, or to amend the judgment nunc pro tunc under Section 566, Title 7, Code of 1940, or to invoke the power which the court possesses during the term in which a judgment is rendered to amend, correct, revise, supplement, open or vacate a judgment. Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405.

Inasmuch as the remedy by appeal was available to petitioners, the writ of certiorari was improvidently granted and it is hereby quashed and the petition is dismissed.

Writ quashed and petition dismissed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.