Senia Morton appeals from an order of dismissal of the Circuit Court of Jefferson County which was entered March 14, 1977. Appellees, Car Center, Inc., and Chrysler Motors Corporation, have filed motions to dismiss this case for failure to timely file the appeal. We are persuaded by the arguments of appellees and therefore must dismiss the case without review of the merits.
On November 6, 1973 Morton purchased a new Chrysler automobile from appellee, Car Center, Inc., doing business as Roebuck Chrysler-Plymouth Imperial. A written "Retail Buyers Order," which purported to disclaim any warranties upon the car, was given to Morton at the time of her purchase. A separate written warranty was later mailed to her by appellee, Chrysler Motors Corporation.
Problems developed with the new car which necessitated returning the automobile to Car Center on several occasions for repair work. Morton subsequently filed suit against Car Center only, alleging misrepresentation and breach of warranty on the sale of the car. She later added Chrysler Motors Corporation as a "necessary" or "indispensable" party under Rule 19 of the Alabama Rules of Civil Procedure, without alleging any independent wrongdoing on its part.
On December 10, 1974 summary judgment was granted in favor of Car Center based upon the disclaimer provisions found in the Retail Buyers Order. The trial court entered the following upon the case docket sheet and also upon the motion itself:
 "12-10-74. The plaintiff not resisting, the foregoing motion for summary judgment is granted. A summary judgment is granted in favor of the deft., Car Center, Inc., a corporation, doing business as Roebuck Chrysler, Plymouth, Imperial, and said party is dismissed as a deft. in this action."
No appeal was taken from this order.
On September 3, 1975 Morton filed an amendment to her original complaint, charging Chrysler Motors Corporation with breach of an implied warranty of merchantability. Chrysler Motors Corporation thereafter filed a motion for summary judgment based upon its written warranty. The motion was argued and granted by the trial court on July 7, 1976. This court order, which was also written on both the docket sheet and the motion, stated the following:
 "7 July 1976 Motion of the defendant, Chrysler Corporation, is well taken and the same be and is hereby granted."
No appeal was taken from this second order. *Page 507 
On February 25, 1977, this case was set for trial by notation on the case docket sheet. Shortly thereafter, on March 14, 1977, the following docket entry was made by the presiding judge:
 "March 14, 1977. It appearing that summary judgments have heretofore been rendered in favor of all defendants in this action and that all of said defendants have been dismissed as parties defendant to this action, all costs are taxed against the plaintiff."
On April 21, 1977 Morton filed notice of appeal to this court from the March 14, 1977 order.
Appeals to this court lie only from final judgments. Tit. 7, § 754, Code of Alabama 1940 (Recomp. 1958). The test of finality of a judgment or decree to support an appeal is whether such judgment or decree "ascertains and declares such rights embracing the substantial merits of the controversy and the material issues litigated or necessarily involved in the litigation." McClurkin v. McClurkin, 206 Ala. 513, 514,90 So. 917, 918 (1921).
It is clear that the March 14, 1977 order of the trial court was not a final judgment sufficient to support an appeal on the merits. It did not adjudicate the rights and liabilities of the parties, but simply noted past actions taken in the case and routinely taxed costs to the losing party. Further, this order did not enlarge the time limit to appeal the case on the merits. The entry of a judgment and the taxation of costs are entirely separate legal acts and the entry of a judgment will not be delayed for the taxing of costs. Ala.R.Civ.P. 58 (c).
The December 10, 1974 summary judgment order in favor of Car Center was also not final for purposes of an appeal. On that date, Chrysler Motors Corporation still remained as a party in the suit. Rule 54 (b) of the Alabama Rules of Civil Procedure provides that, in the absence of an express order to the contrary, no judgment is final where multiple parties and multiple claims are involved in an action until the rights and liabilities of all parties in the case have been adjudicated. Therefore, an order granting summary judgment in favor of one of two defendants is not a final judgment and will not support an appeal unless the trial judge makes an express determination and entry of judgment as required by Rule 54 (b).Nelson-American Developers, Ltd. v. ENCO Eng. Corp., 295 Ala. 185, 326 So.2d 103 (1976); Powell v. Republic National LifeInsurance Co., 293 Ala. 101, 300 So.2d 359 (1974). See alsoCates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975), in which the history of Rule 54 (b) is traced.
It is the position of the appellees that the July 7, 1976 order granting summary judgment in favor of Chrysler Motors Corporation was the final judgment in this case from which Morton should have taken her appeal on the merits. Thus, the central question to be answered is whether, in an action against multiple defendants, the granting of a motion for summary judgment in favor of the last remaining defendant constitutes a final judgment from which the forty-two day time for appeal to this court runs, even though the trial court fails to enter a single order dismissing the entire action and taxing costs at that time. We find that it does.
The July 7, 1976 order, like the earlier summary judgment order, contained neither an express direction for entry of judgment as required by Rule 54 (b) where multiple parties are involved, nor a recitation of the earlier order dismissing Morton's claim against Car Center. However, on July 7, 1976, only one defendant remained in the action and, as multiple parties were no longer involved in the matter, Rule 54 (b) had no further application to a trial court order adjudicating Morton's claim against Chrysler Motors Corporation. As noted by the appellees, this result is in accord with several federal cases which have held that Rule 54 (b) of the Federal Rules of Civil Procedure has no application to a judgment once all claims against all parties have been adjudicated. JetcoElectronic Industries, Inc. v. Gardiner, 473 F.2d 1228 (5th Cir. 1973); Johnston v. Cartwright, 344 F.2d 773 (8th Cir. 1965); Marotta v. Milestone, 114 U.S.App.D.C. 237, 314 F.2d 242
(1963); *Page 508 Lundgren v. Freeman, 292 F.2d 489 (9th Cir. 1961).
The July 7, 1976 order itself, except for the application of Rule 54 (b), was a final judgment with respect to Morton's claim against Chrysler Motors Corporation. Phrased in clear and simple language, the order indicated the trial court's intention to adjudicate as well as the substance of the adjudication. Rule 58 (c) and the committee comments thereto of the Alabama Rules of Civil Procedure provide that such a judgment is effective when it is either noted in the civil docket, as in the present case, or on separately maintained bench notes, or upon the filing of a separate judgment or order. Further, absent a request for post judgment relief, the time limitation in which to attack such a judgment runs from the occurrence of any of the above specified events. Ala.R.App.P. 4 (a)(1); Ala.R.Civ.P. 58 (c) and committee comments thereto.
Thus, the July 1976 order, taken in conjunction with the previous order, constituted a complete adjudication of the rights and liabilities of all parties to the action. The order of December 10, 1974, became appealable on that date as did the July 7, 1976 order itself. Notice of appeal not being filed by Morton until April 21, 1977, this appeal is untimely and is therefore dismissed.
APPEAL DISMISSED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.