This appeal is from an amended final judgment which, in addition to rendering judgment in favor of appellant, City of Birmingham (Birmingham), taxed costs one-half to each party. Appellant Birmingham now challenges the cost allocation. We affirm.
In a prior appeal by Birmingham, this case was reversed and remanded to the circuit court by our ruling of August 31, 1979 (reported at 375 So.2d 438). Upon remand, Birmingham filed a motion to retax costs and sought additional relief. The trial judge granted the motion, and in the final judgment he taxed all costs against the City of Fairfield (Fairfield). Fairfield then filed what was denominated as a Rule 60 Motion for Relief from Final Judgment, requesting that the judge reconsider his allocation of costs. The judge granted Fairfield's motion and amended the final judgment to tax costs one-half to each party. From the amended final judgment, Birmingham appealed.
In response to Birmingham's appeal, Fairfield filed a motion to dismiss. As grounds for the motion, Fairfield argues several points; however, the issue meriting examination is whether an appeal will lie from a judgment, entered after remand, *Page 694 
which only renders judgment in accordance with the appellate opinion and taxes costs.
The strength of Fairfield's argument on the motion lies in general statements taken from legal encyclopedias. Typical is the rule discussed in Corpus Juris Secundum: "The court will not hear an appeal merely to determine the right to costs." 4 C.J.S. Appeal and Error § 40f (1957). See also, 4 Am.Jur.2d,Appeal and Error, §§ 128, 129 (1962); C. Wright and A. Miller,Federal Practice and Procedure, Civil § 2668 (1973). However, as examined in Annot., 54 ALR 2d 927 (1957), the rule is not uniformly followed, and in jurisdictions in which the rule exists, there are exceptions. Although most recent Alabama cases support the view that the award of costs is appealable,see e.g., Dozier v. Payne, 244 Ala. 476, 14 So.2d 376 (1943);Ex parte Crawford, 244 Ala. 493, 14 So.2d 379 (1943); Watson v.Spinks, 240 Ala. 291, 199 So. 1 (1940), those cases were decided under a statute allowing appeal from the grant or denial of a motion to retax costs. That statute has no counterpart in our current code, at least with regard to proceedings in district or circuit courts.
Fairfield asserts that the order in question is not an appealable "final order" within the meaning of Code 1975, §12-22-2. We have previously defined "final judgment" as a decree which "ascertains and declares such rights embracing the substantial merits of the controversy and the material issues litigated or necessarily involved in the litigation." Morton v.Chrysler Motors Corp., 353 So.2d 505 (Ala. 1977). But an order is no less a final judgment because it is entered pursuant to appellate dictate, even though taxation of costs is embraced in the decretal order.
In the case of Morton v. Chrysler Motors Corp., 353 So.2d 505
(Ala. 1977), the question was whether the time of entry of summary judgment or the subsequent taxation of costs was the time from which the deadline for appeal was computed. We applied the test for finality quoted above and found that entry of summary judgment rather than entry of the award of costs was entry of final judgment. In contrast to the situation inMorton, here there is no question that the taxation of costs was embraced in the final judgment.
Since the ruling on costs was included in the amended final judgment, this Court has jurisdiction of the appeal. See Code 1975, § 12-22-2. Where, as here, the only issue decided on final judgment is allocation of costs, the merits having been resolved on a previous appeal, our review is necessarily confined to the costs issue. Whether we address the merits of Birmingham's appeal, then, is not a question of jurisdiction — it is a question of judicial policy.
The general rule of non-appealability of a costs award is founded on the rationale that judicial time should not be spent on the costs issue when there are no issues from the principal controversy to be decided. While we appreciate the policy behind the rule, we also recognize the countervailing interest which favors appellate review of decisions by the lower court. Since "costs [are] allowed to the prevailing party, unless the court otherwise directs," ARCP 54 (d), the award of costs is a discretionary ruling by the trial judge. Absent a right of appeal, there can be no review of the costs allocation, even though abuse of the trial judge's discretion is claimed.
Our ruling today should not be viewed as overruling cases such as Jim Walter Corp. v. Green, 285 Ala. 176, 230 So.2d 234
(1970), and City of Mobile v. Scott, 278 Ala. 388,178 So.2d 545 (1965). In those cases the appeal was dismissed because circumstances or events intervening while the appeal was pending rendered the principal controversy moot. Since all issues were resolved other than the costs issue, we dismissed the appeals. Unlike the instant case, the Jim Walter and Cityof Mobile cases did not involve original appeals brought on the basis that the trial judge abused his discretion in the allocation of costs. We hold that Birmingham's appeal is properly before us, and Fairfield's motion to dismiss is denied. *Page 695 
Birmingham contends that Fairfield's Rule 60 (b) motion to reconsider the taxing of costs was improper, because the motion was used merely as a substitute for appeal. See, Burton v.Burton, 379 So.2d 617 (Ala.Civ.App. 1980); Pace v. Jordan,348 So.2d 1061 (Ala.Civ.App.), cert. den., 348 So.2d 1065 (Ala. 1977); Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App. 1976). While we give credence to the rule urged by Birmingham, we do not believe it can properly be applied to Fairfield's motion, because the motion is not in substance a 60 (b) motion.
A 60 (b) motion can request relief from a judgment on any one of six enumerated grounds. Here, Fairfield's motion requested reconsideration of the legal conclusions on which the judgment was based. Of the possible grounds for relief, only grounds (1) and (6) could conceivably be the basis for the relief sought.
Rule 60 (b)(6) permits a court to relieve a party from a judgment for "any other reason justifying relief from the operation of the judgment." ARCP 60 (b)(6). Federal case law, which we take to be persuasive here, see, Assured Investor'sLife Ins. Co. v. National Union Associates, Inc., 362 So.2d 228
(Ala. 1978), holds that 60 (b)(6) motions are available only in cases not within 60 (b)(1)-(5), are reserved for extraordinary circumstances, and are available only in cases of extreme hardship or injustice. C. Wright and A. Miller, FederalPractice and Procedure § 2864 at 219-20 (1973); 7 J. MooreFederal Practice ¶ 60.27[1] (2d ed. 1979). A simple request for the judge to review his legal conclusions cannot fall within the purview of subsection (6).
Whether Fairfield's motion falls within Rule 60 (b)(1) is a closer question. At issue is whether "mistake, inadvertence, surprise, or excusable neglect" as used in Rule 60 (b)(1) encompasses "mistakes" of law by the trial judge. ARCP 60 (b)(1) and FRCP 60 (b)(1) are identical, and in the federal system the cases are divided as to whether relief can be had under the rule for an error of the court.
Former Chief Judge Aldrich of the First Circuit Court of Appeals expressed one view:
 Professor Moore would construe a motion which . . . seeks reconsideration of a point of law [as within 60 (b)(1)]. 7 J. Moore, Federal Practice ¶ 60.22[3] (2d ed. 1970). His pronouncement has produced some converts. See Meadows v. Cohen, 5 Cir., 1969, 409 F.2d 750, 752; McDowell v. Celebrezze, 5 Cir., 1962, 310 F.2d 43; cf. Gila River Ranch, Inc. v. United States, 9 Cir., 1966 368 F.2d 354; but see Swam v. United States, 1966, 7 Cir., 1964, 327 F.2d 431, cert. denied 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55. It has also apparently given rise to some disquietude. Hoffman v. Celebrezze, 8 Cir., 1969, 405 F.2d 833; Schildhaus v. Moe, 2 Cir., 1964, 335 F.2d 529. We neither understand the basis for this interpretation, nor sympathize with it. If the court merely wrongly decides a point of law, that is not "inadvertence, surprise, or excusable neglect." Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief. Plaintiff's motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attributable to special circumstances. We would apply the same equitable conception to "mistake" as seems implicit in the three accompanying grounds, under the principle of noscitur a sociis.
 A contrary view, that "mistake" means any type of judicial error, makes relief under the rule for error of law as extensive as that available under Rule 59 (e), which permits motions to "alter or amend judgments." Obviously any such motion presupposes a mistake. Indeed, the argument advanced is that a broad construction of "mistake" beneficially extends the ten-day limit for motions under Rule 59 (e). Calling this a benefit loses sight of the complementary interest in speedy disposition and finality, clearly intended by Rule 59.
Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir.), cert. denied, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971).
Without discussing the merits of the view that would allow some types of judicial *Page 696 
error to fall within 60 (b)(1),* we believe the alternative expressed by Judge Aldrich should prevail in Alabama, at least where the movant seeks reconsideration of pure points of law.
Although Fairfield's motion cannot be viewed as a 60 (b) motion, Fairfield's motion is properly a 59 (e) motion to alter or amend. The label placed on a motion does not bind our substantive review. Irrespective of Fairfield's denomination of its motion, the motion was effective as a 59 (e) motion to raise the costs issue to the trial judge.
Birmingham argues it was an abuse of discretion for the trial judge to grant Fairfield's motion and to retax costs. The argument is two pronged. First, Birmingham argues that Fairfield did not meet its burden on the motion because it argued no additional facts or authority other than those initially argued on Birmingham's original motion to retax costs. Birmingham also contends that it was an abuse of discretion for the judge to grant Fairfield's motion and to retax costs one-half to each party, because Birmingham was the prevailing party in the litigation.
Since Fairfield's motion was in substance a 59 (e) motion, Birmingham's argument that Fairfield did not meet its burden on the motion is not well taken. In a 60 (b) motion the burden is on the movant to establish one of the six enumerated grounds entitling him to relief from the judgment. 7 J. Moore, FederalPractice ¶ 60.28 at 410 (2d ed. 1979). Because Fairfield's motion simply reargued legal and factual propositions going to the costs issue, Fairfield would not have met the burden required on a 60 (b) motion. But we have construed the motion herein involved to be within Rule 59 (e). The motion here is what has been called a motion to reconsider or to rehear, and Fairfield's reargument of germane legal propositions is sufficient to call attention to alleged legal error.
Finally, Birmingham argues that the judge abused his discretion by taxing costs one-half to each party. The Rules of Civil Procedure generally govern allocation of costs, and Rule 54 (d) provides: "Except when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Birmingham urges that under the rule it is prima facie entitled to the cost award, but in his order the judge gave no reason for his decision otherwise. Birmingham believes it was an abuse of discretion for the judge to tax a portion of the costs to it, the prevailing party, because there was no showing to overcome the presumption created by Rule 54 (d).
We have said that since the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when we are called upon to construe the Alabama Rules. Assured Investors Life Ins. Co. v.National Union Associates, 362 So.2d 228 (Ala. 1978). In the federal system there is strong authority that a court must supply a reason for its denial of costs to the prevailing party. The Fifth Circuit Court of Appeals has said:
 The trial court has broad discretionary powers in taxing costs, but its decision may be overturned if it abuses that discretion. Harrington v. Texaco, Inc., 339 F.2d 814 (5th Cir. 1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1538, 14 L.Ed.2d 435. While the rule [54 (d)] does not prevent a trial court from requiring a prevailing party to bear its own costs, "the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption . . . [since] denial of costs . . . is in the nature of a penalty for some defection on his part in the course of the litigation." Popeil Brothers v. Schick Electric, Inc., 516 F.2d 772, at 775 (7th Cir. 1975). Accordingly, when a trial court exacts such a penalty, it should state reasons for its decision. *Page 697 
Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977).
The committee comments to our own rules indicate that Rule 54 (d) was meant as a retreat from the view that taxing of costs is entirely discretionary.
 This subdivision, modelled on Federal Rule 54 (d) adopts the law practice of costs to the prevailing party unless the court otherwise directs, Code of Ala., Tit. 11, § 65, in preference to the equity practice which commits the entire matter to the discretion of the court. Equity Rule 112.
ARCP 54 (d) (comments).
We believe the reasoning in the federal cases is sound, and, unless the judge's rationale for awarding costs other than to the prevailing party is otherwise manifest, we believe it should be expressed in his order.
However, as provided in Rule 54 (d), the presumption of award to the prevailing party can be abrogated by statute. ARCP 54 (d). In the case of Ex parte Osborn, 375 So.2d 467 (Ala. 1979), we affirmed the trial judge's allocation of the costs in a declaratory judgment action. Under the Declaratory Judgment Act, the judge may award costs "as may seem equitable and just," Code 1975, § 6-6-231, and since Osborn was a declaratory judgment action, the costs allocation was by statute entirely discretionary and not within Rule 54 (d).
The case before us is also a declaratory judgment action. The judge's cost ruling is entirely discretionary, and we will not reverse unless it appears from the record, after indulging all fair intendments in favor of the ruling, that the taxation of costs was unjust and unfair. Walden v. Walden, 277 Ala. 459,171 So.2d 851 (1965). Upon consideration of the type of action, the issues resolved, and the nature of the costs involved (primarily master's fees), we are unable to conclude that the trial judge abused his discretion.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
* For further discussion of the issue, see 7 J. Moore, FederalPractice ¶ 60.22[3] (2d ed. 1979), C. Wright and A. Miller,Federal Practice and Procedure § 2858 (1973).