PER CURIAM.
This case concerns the ownership of certain stock in the Macon County Greyhound Park, Inc. Plaintiff Wallace alleges that he and defendant Marr had an agreement, and that as a result of that agreement the defendant holds that stock as his nominee.
The issue before us is whether the trial court erred in entering summary judgment for the defendant. Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. We must determine whether the alleged agreement to hold stock as a nominee is in violation of the public policy of Alabama and the disclosure provisions in Act No. 575, Ala. Acts 1983, and is, therefore, void and unenforceable.
We have carefully examined the record in this case and the applicable statute. We are compelled to affirm the summary judgment on the authority of Act No. 575, Ala. Acts 1983, Derico v. Duncan, 410 So.2d 27 (Ala.1982), and Colston v. Gulf States Paper Corp., 291 Ala. 423, 282 So.2d 251 (1973).
AFFIRMED.[1]
HORNSBY, C.J., and JONES, SHORES and ADAMS, JJ., concur.
• MADDOX, J., dissents.
STEAGALL and KENNEDY, JJ., recused.

. A.R.App. P. 16(b) provides that when by reason of disqualification the number of Justices competent to sit in the determination of a cause is reduced, a majority shall suffice, but in no event may a cause be determined unless at least four Justices sitting shall concur therein.