The sole issue in this medical malpractice case is whether the plaintiff, in response to the defendant's summary judgment motion, presented substantial evidence, through expert testimony, concerning the appropriate standard of care and indicating a breach thereof by the defendant. We reverse the defendant's summary judgment and remand.
T.C. Downey, a 74-year old man, was admitted to the Mobile Infirmary Medical Center for treatment of an abdominal aneurysm. After surgery, he was taken, in satisfactory condition, to the Surgical Intensive Care Unit (SICU). Two days after being placed in SICU, Mr. Downey fell from his bed to the floor, hitting his head. Mr. Downey died as a result of the fall. Ollie H. Downey, as administratrix of his estate, filed this wrongful death action against the Infirmary. The Infirmary denies liability.
The Infirmary moved for a summary judgment, supporting its motion by evidence that set forth the standard of care and that indicated that the nurse on duty met that standard of care. In opposition to the Infirmary's motion, Mrs. Downey filed an affidavit that she claims established, by expert testimony, the appropriate standard of care and a breach thereof by the defendant. She contends that her evidence was sufficient to create a genuine issue of material fact as to this essential element of her cause of action. Bell v. Hart, 516 So.2d 562
(Ala. 1987), citing Harrell v. Reynolds, 495 So.2d 1381
(Ala. 1986).
The trial court, agreeing with the Infirmary's argument that the plaintiff's expert articulated the wrong standard of care in her deposition testimony, held the plaintiff's later affidavit inadmissible and struck it, and held that the plaintiff's expert had not accurately described the appropriate standard of care; and as a result, it held that the plaintiff's evidence failed to create a genuine issue of material fact as to whether the Infirmary had breached the appropriate standard of care. In short, the trial court held that the plaintiff had not satisfied the burden of proof necessary to defeat the properly supported summary judgment motion.
Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). This Court must review the record in a light most favorable to the nonmovant, here the plaintiff, and must resolve all reasonable doubts against the movant.Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413
(Ala. 1990).
We begin our review by considering § 6-5-548(a), Ala. Code 1975, which states the requirements a plaintiff must meet in order to succeed in a medical malpractice or wrongful death action against a health care provider. The statute provides:
 "(a) In any action for injury or damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill and diligence as other similarly situated health care providers in the same *Page 1154 
general line of practice, ordinarily have and exercise in a like case."
Mrs. Downey does not challenge the application of §§ 6-5-548
and 6-5-484, to this case, but she argues that, contrary to the trial court's ruling, the testimony provided by her expert, Nurse Marie Read, when considered as a whole, must be taken as more than sufficient to satisfy the statutory requirements.
After reviewing Nurse Read's testimony as a whole, we conclude that the trial court erred in determining that her testimony was insufficient on the basis that she did not accurately state the standard of care required by law. The trial court focused on only one of her answers, ignoring the rest of Nurse Read's 196-page deposition and ignoring her affidavit. When asked her understanding as to the standard of care that is to be exercised by nurses in Alabama, Nurse Read responded: "To ensure the safety and the welfare of patients." The trial court read the use of the word "ensure" as violating § 6-5-484(b), which provides that a health care provider is not considered "an insurer of the successful issue of treatment or service." The statement that a nurse should ensure the safety and welfare of patients is not a statement that the nurse should "[insure] the successful issue of treatment or service" and guarantee the treatment or service. This interpretation of Nurse Read's testimony ignores the rest of her deposition and her affidavit, in both of which she clearly demonstrates her knowledge of the standard of care.
This Court has consistently held that the testimony of an expert witness in a medical malpractice case must be viewed as a whole, and that a portion of it should not be viewed abstractly, independently, or separately from the balance of the expert's testimony. Hines v. Armbrester, 477 So.2d 302
(Ala. 1985); Malone v. Daugherty, 453 So.2d 721 (Ala. 1984). Here the trial court erred in striking Nurse Read's affidavit, which was presented to the trial court in response to the trial judge's statement to the lawyers that they should "go back and brief this and give me something to go on why I shouldn't grant it [the summary judgment motion]." Rather than presenting a "new opinion," as the trial court said the affidavit did, the affidavit presented an explanation that further clarified Nurse Read's knowledge of the standard of care. Nurse Read stated in that affidavit:
 "I was asked during my deposition what was the standard of care for nurses in Alabama. I responded to ensure patient safety. By using the word ensure I was not indicating that a nurse was an insurer of the successful issue of treatment or service. By using the word ensure, it was not my meaning, nor do I contend that the nurse was responsible to guarantee the safety of the patient. I used the word only in the context that it was a nurse's duty to make reasonable provision and/or take reasonable and necessary measures to provide for a patient's safety and I further testified as to the proper measures which should have been taken with regard to Mr. Downey."
The summary judgment is due to be reversed and the cause remanded for a trial on the merits.
REVERSED AND REMANDED.
ALMON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
MADDOX, J., dissents.