The plaintiffs, Bruce Denson, Allison Leigh Ray, and Investors Unlimited, appeal from a summary judgment in favor of Bear, Stearns Securities Corporation. Bear, Stearns cross-appealed from the denial of its motion for an award of costs.
In order to enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmoving party.Downey v. Mobile Infirmary Medical Center, 662 So.2d 1152
(Ala. 1995). In order to defeat a properly supported summary judgment motion, the plaintiff must present "substantial evidence" creating a genuine issue of material fact.
In the fall of 1991, the plaintiffs were contacted by Rodney Kadymir, an agent for the Robert Todd Financial Corporation (hereinafter referred to as "RTFC"). RTFC was acting as the "introducing broker" for the initial public offering of securities related to American Biomed, Inc. ("Biomed"). An introducing broker solicits sales of the securities. After several pitches from Kadymir regarding Biomed securities, the plaintiffs decided to purchase the securities. Bear, Stearns was involved in the proposed sale as the "clearing broker" for RTFC. A clearing broker provides the daily clearance of all securities transactions.
Neither Kadymir nor anyone from RTFC registered the Biomed securities in Alabama, as is required by § 8-6-4, Ala. Code 1975. Therefore, the Biomed securities could not be legally sold to Alabama residents. According to the plaintiffs, Kadymir told them to use an out-of-state address in order to proceed with the purchase of the securities. One of the plaintiffs owned a partial interest in a business in Houston, Texas; at Kadymir's recommendation, that plaintiff supplied the address of the Texas business for all the plaintiffs to use.
The plaintiffs originally sent checks drawn on Alabama banks to Bear, Stearns to purchase the Biomed securities. Bear, Stearns refused to accept these checks. Subsequently, the plaintiffs sent counterchecks; Bear, Stearns accepted the counterchecks and opened accounts for the plaintiffs.
When documents sent to the Texas address were returned to RTFC, it began an investigation, through which it learned that the plaintiffs were Alabama citizens. RTFC asked the plaintiffs to sign affidavits stating that they spent more than half of their time in Texas, but they refused to do so. RTFC cancelled the sale and Bear, Stearns removed the securities from the plaintiffs' accounts.
Approximately six weeks later, Bear, Stearns sent the plaintiffs checks for the amount of the purchase price of the securities. At that time, the Biomed securities had more than doubled in value. *Page 71 
The plaintiffs sued Bear, Stearns; Kadymir; and RTFC, alleging fraud and conversion. Bear, Stearns offered to settle with the plaintiffs, but the plaintiffs rejected the offer. Bear, Stearns then moved for a summary judgment; the court granted its motion. Bear, Stearns asked that costs be awarded in its favor, but the trial court denied costs. The court entered a default judgment against Kadymir and RTFC in the amount of $300,000. The plaintiffs appealed the summary judgment in favor of Bear, Stearns; Bear, Stearns cross-appealed from the order denying an award of costs. Kadymir and RTFC are not parties to this appeal.
The plaintiffs failed to present substantial evidence of fraud on the part of Bear, Stearns; that defendant did not induce the plaintiffs to buy the securities. The plaintiffs presented no evidence that Bear, Stearns did anything more than perform bookkeeping functions in regard to their accounts, nor did they present evidence that Bear, Stearns, as the clearing broker, was liable for the introducing broker's actions. Also, the securities sale violated Alabama law and was unenforceable. See Wallace v. Marr, 561 So.2d 1104 (Ala. 1990). As to the conversion claim, the plaintiffs failed to show that they had an immediate right to possession of the Biomed securities; to prove a right to possession, they would have to prove that the contract was valid — but, as stated earlier, the contract was void and unenforceable. Therefore, the trial court properly entered the summary judgment in favor of Bear, Stearns.
As to Bear, Stearns's cross-appeal from the denial of its motion for costs, we conclude that Bear, Stearns was not entitled to an award of costs. In support of its claim, Bear, Stearns cites Atkinson v. Long, 559 So.2d 55
(Ala.Civ.App. 1990). In that case, the Court of Civil Appeals reversed the trial court's order refusing to award costs based on Rule 68, Ala.R.Civ.P. Bear, Stearns's reliance on Rule 68 and onAtkinson is misplaced. Rule 68 deals with settlement offers made "more than fifteen (15) days before the trial begins." (Emphasis added.) The purpose of Rule 68, as is noted in the comments to that rule, is to ensure that a party accept or reject an offer at least 15 days before trial, so that a party will not make preparations for a trial that will never be held. This case did not go to trial; therefore, Rule 68 is not applicable.
Bear, Stearns also argues that costs should be awarded based on Rule 54(d). Rule 54(d) and subsequent case law interpreting that rule give the trial court wide discretion in awarding costs. City of Birmingham v. City of Fairfield, 396 So.2d 692
(Ala. 1981). Bear, Stearns has made no showing that the trial court abused its discretion in denying the award of costs.
Based on the foregoing, we affirm.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, and COOK, JJ., concur.