YATES, Judge.
This is an appeal from an award of an attorney fee to SouthTrust Bank of Calhoun County, N.A., from the assets of two testamentary trusts; SouthTrust formerly was the trustee of those trusts. The case is complicated by the fact that it involves three separate lawsuits involving the administration of the two testamentary trusts established by each of the parents, respectively, of James Weatherly, Jr.
The first action was filed on November 18, 1991, by the income beneficiary, James Weatherly, Jr. (“Weatherly”), and the re-maindermen of the trusts, against South-Trust, as trustee, for allegedly mishandling trust assets. The case was settled in June 1995, with the trusts receiving compensation from SouthTrust. During the course of that case, on May 7,1992, the trial court held that SouthTrust could resign as trustee if Central Bank accepted the appointment as successor trustee by May 31, 1992. The court stated that SouthTrust would be relieved of its duties as trustee upon the transfer of the assets to Central Bank and that after being relieved it was to make an accounting to the court. Additionally, the court prohibited SouthTrust from making discretionary distributions of trust principal without prior court approval. Central Bank never accepted nor rejected the appointment, and SouthTrust continued to hold the trust assets and to function as trustee.
SouthTrust filed the second action in-1992, seeking to be relieved of its fiduciary role as trustee for the trusts. On February 28, 1995, the trial court granted SouthTrust’s 'motion for a summary judgment, holding that SouthTrust would be relieved of its role as trustee upon its filing of an accounting. On March 6, 1995, SouthTrust filed its accounting, stating that it would “hold the assets of the Trusts pending further order or instruction from the court.” On May 5,1995, the court ordered SouthTrust to pay to Weatherly the trusts’ income accumulated since the March 6, order. On July 10, 1995, *1211 SouthTrust moved for an award of a $22,-815.91 attorney fee and for reimbursement of administrative costs and fees of $1,274.77 that had accumulated since February 1995; it also requested permission to pay the trusts’ assets, into the court. SouthTrust continued to hold the assets and both it and Weatherly continued to seek court approval to transfer the assets to a successor trustee.
The third action involved a two-count complaint filed on August 2, 1994, by Weatherly against SouthTrust and one of its trust officers, Joe Cotlin. In his complaint, Weatherly alleged that the defendants had breached their fiduciary duty and had been negligent and wanton in allowing a second mortgage on his home to be foreclosed, despite the trustees’ discretionary power to invade the corpus of the trust for the benefit of Weatherly. On March 6, 1995, the trial court dismissed Cot-lin from the case, but denied his motion filed pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975 (“ALAA”), for an attorney fee. On that same date, the court denied SouthTrust’s motion to dismiss it from the case and granted SouthTrust’s motion to join the remain-dermen as plaintiffs. On May 25, 1995, the court granted SouthTrust’s motion for a summary judgment. On July 10, 1995, South-Trust moved for an award of a $24,689.80 attorney fee. On August 11,1995, Weatherly moved to dismiss the claim for an attorney fee, contending that the court had lost jurisdiction of the case 80 days after it had entered a summary judgment and that the July attorney fee request had not been timely filed.
On September 8, 1995, in the second ease, SouthTrust filed a supplemental motion for the award of a $24,689.80 attorney fee for work done in the third ease. On December 5, 1995, the court granted that motion to the extent it requested a fee and scheduled a hearing on the reasonableness of the fee requested. Weatherly, on December 12, 1995, filed a motion asking the court to reconsider its ruling. On February 21, 1996, following a hearing, the court, among other things, denied Weatherly’s motion to reconsider, setting the attorney fee award at $20,-000 and ordering that the money be paid out of the principal of the two trusts. It stated that “all unpaid administrative expenses and fees incurred as of the date of this order” were to be paid from the income of the two trusts. It also ordered SouthTrust to transfer all of the assets of the trusts to Lincoln Trust, a Colorado corporation. Further,- the court denied SouthTrust’s July 1995 motion filed in the second case for a $22,815.91 attorney fee for work done in the second case, and denied SouthTrust’s motion for an attorney fee filed in the third case.
Weatherly timely appealed the judgments to the Alabama Supreme Court. The appeals were transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975, where they have been consolidated. On September 20, 1996, following the suggestion of the death of Weatherly, the remaindermen of the trusts were substituted for Weatherly in this appeal. For the sake of clarity, we will refer to Weatherly’s contentions and arguments as if he, instead of the substituted remaindermen, were making them.
Weatherly first argues that the court erred in awarding an attorney fee in the second case for the work done in association with the third case. He contends that the attorney fee request was untimely because the motion was made more than 30 days after a summary judgment had been entered in the third case. See Baker v. Williams Brothers, Inc., 601 So.2d 110 (Ala.Civ.App.1992). Alternatively, he contends that the award of a fee was error because, he says, the fee was incurred by SouthTrust in an effort to protect itself and not in an effort to protect the trust. In response, SouthTrust avers that its request for an attorney fee was an administrative request, based on Alabama trust law, and was not based on a contention that Weatherly’s action was without merit. SouthTrust also argues that its actions were motivated by a desire to benefit the trusts and that, therefore, the trusts should absorb the legal expenses associated with the suits.
The trial court held that the fees incurred in the third ease, which was a tort case against SouthTrust, were administrative expenses and that the second case, which was the declaratory judgment action, was the *1212 proper “forum” for the award of such administrative expenses, even though they had been incurred in the defense of the third case.[1] See § 6-6-230, Ala.Code 1975 (Declaratory Judgment Act authorizes further relief in appropriate circumstances). South-Trust’s motion for an attorney fee states in pertinent part:
“6. In the [third case], the plaintiff, totally without justification, accused South-Trust, as trustee of the Weatherly Trusts, of fiduciary misconduct_ The complaint’s total lack of merit is further evidenced by the Court’s granting of South-Trust’s motion for summary judgment, a motion to which plaintiffs failed to even submit a response, and claims which the guardian ad litem for two of the plaintiffs indicated could not justifiably be pursued. Under the terms of the Weatherly Trust instruments, SouthTrust had the power and the duty to make all decisions for the Weatherly Trusts, and even sought Court guidance to ensure its actions would not be second guessed. Despite every reasonable action taken by SouthTrust as trustee, it was forced to defend itself against the meritless claims asserted by plaintiffs ... SouthTrust was obligated to defend its administration of the Weatherly Trusts against unjustified attacks which would interfere with the discharge of its duties to the Trusts.... Under the circumstances, SouthTrust was not only justified, but was, in fact, duty-bound to seek counsel in order to defend its administration of the Weath-erly Trusts. Accordingly, SouthTrust is entitled to reasonable attorneys’ fees, incurred as a sole result of baseless allegations, paid from the corpus of the Trusts.... The amount it expended in defending itself more than consumed all the compensation it earned for administering the Weatherly Trusts for the last decade.”
Weatherly contends that the language in that motion indicates that SouthTrust was making a motion pursuant to the ALAA. We disagree. The motion for an attorney fee was a request for administrative fees from the trust and was not a request for sanctions against an opposing party. Having dispensed with the contention that the request was an untimely motion for sanctions, we must review the propriety of awarding an attorney fee as a cost of administering the trust.
Whether to award an attorney fee for services rendered on behalf of a trust is within the sound discretion of the trial court. See Graddick v. First Farmers & Merchants National Bank of Troy, 453 So.2d 1305, 1311 (Ala.1984). However, the services of the attorney must actually be for the benefit of the trust. “In Alabama, when the contentions of a party in litigation are in the interest of and for the benefit of the entire trust estate, the courts will award costs and attorneys’ fees from the trust estate to the party benefiting the trust estate.” Farlow v. Adams, 474 So.2d 53, 59 (Ala.1985).
The primary intent of the settlors of the trusts was for Weatherly to have an income interest for life and, following his death, for his children to have an income interest until they reached the age of 35, at which time their respective share of the corpus would be distributed to them.
Weatherly sued SouthTrust for its failure to invade the corpus to benefit Weath-erly, the income beneficiary. The evidence in the voluminous record suggests that part of SouthTrust’s motivation in not invading the corpus was a concern that to do so would violate the court’s existing order not to make discretionary distributions without court approval, and also because it feared that the principal of the trust would be depleted. Although, in addition to attempting to properly fulfill its role as trustee, SouthTrust also sought to protect its own interests in the course of the litigation, those objectives are not mutually exclusive. “ ‘Few suits for the construction of trusts would be instituted if the party bringing them did not hope to personally gain.... [T]he hope of personal *1213 benefit by the party instituting the suit does not determine the propriety of the allowance of fees out of the estate.' ” Id., at 59 (citations omitted). We conclude that the court did not abuse its discretion in awarding an attorney fee based on the fees incurred in connection with SouthTrust’s defense of Weatherly’s action. See also § 19-3-326, Ala.Code 1975.
Weatherly next contends that the amount of the attorney fee was excessive. The trial court conducted an ore tenus hearing and held that $20,000 was a reasonable fee. The court heard conflicting evidence as to whether the fee was reasonable and, after considering the evidence in light of the appropriate standards, held that $20,000 was a reasonable fee, despite SouthTrust’s original request for $24,689.80. Based on the evidence, we cannot say the trial court abused its discretion. See Peebles v. Miley, 439 So.2d 137 (Ala.1983); Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740 (Ala.1988).
AFFIRMED.
ROBERTSON, P.J., and THOMPSON, J., concur.
MONROE and CRAWLEY, JJ., dissent.

. The court pointed out that defense attorney fees are not recoverable in the usual tort case; the attorney fees SouthTrust sought were the fees it incurred in defending itself against claims that it had breached its fiduciary duties in failing to invade the corpus of the trust for the benefit of the income beneficiary.