SHAW, Justice
(dissenting in part and concurring in the l-esult in case no. 1140407).
After prevailing in the underlying action, Margai-et Stockham, as personal represen *475 tative of the estate of Herbert Stockham, deceased (“Stockham”), moved the trial court to award her costs, fees, and expenses. The trial court denied the motion, and Stockham challenges that ruling in her cross-appeal, case no. 1140407.
Stockham argued in the trial court and on appeal that she is entitled under Ala. Code 1975, §§ 19-3B-708 and -709, to an award of costs, fees, and expenses. Those costs, fees, and expenses would not be paid by Virginia Ladd, the plaintiff and losing party below; specifically, Ala.Code 1975, § 19-3B-709(a), states that “a trustee is entitled to be reimbursed out of the trust property.” (Emphasis added.) See also Regions Bank v. Lowrey, 101 So.3d 210, 220 (Ala.2012) (“Regions I”) (“[Wjhen a trustee defends itself against attacks concerning the management of trust assets, the trustee is entitled to recover its litigation expenses, including attorney fees, from the trust.” (emphasis added)). Section 19-3B-708 appears to refer generally to compensation paid to a trustee for actions taken in his or her capacity as the trustee of the trust, which implies that that compensation is similarly paid from the trust property. Such compensation is not a cost, fee, or expense assessed against a party that did not prevail in an action against a trustee as part of litigation.
Stockham’s request under these Code sections thus seeks costs and expenses from the one remaining trust — the Virginia C. Stockham Trust. I agree that Regions I and Regions Bank v. Lowrey, 154 So.3d 101 (Ala.2014) (“Regions II”), stand for the proposition that a trustee is entitled under § 19-3B-709(a)(1) to reimbursement from the trust for “expenses” when the trustee successfully defends himself or herself from a breach-of-fiduciary-duty claim filed against him or her in connection with his or her prior actions as trustee. Specifically, I agree that “Regions I and Regions II make clear that a trustee’s management of the assets of the trust is, in fact, considered to be the administration of the trust.” 209 So.3d at 472. However, I question whether the trial court can assess compensation and expenses against a trust that is not a party in an action and where all the interested parties, such as the trust itself, the current trustee or trustees, and all the beneficiaries, are not present. Cf. Regions II (in which a successor trustee challenged the fees sought by the former trustee who had prevailed in Regions I). Neither party addresses this issue. Thus, I am not convinced that the trial court erred in denying compensation under § 19-3B-708 and expenses under § 19-3B-709 to be paid from the remaining trust, and I respectfully dissent from reversing the trial court’s order and remanding the case on those grounds.
Stockham also claims that she was entitled to costs and attorney fees under Ala.Code 1975, § 34-3-60. That Code section states, in pertinent part:
“In all actions and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, where there is involved the administration of a trust ... the court having jurisdiction of such action or proceeding may ascertain a reasonable attorney’s fee, to be paid to the attorneys or solicitors representing the trust ... or any party in the action or proceeding, and is authorized to tax as a part of the costs in such action or proceeding such reasonable attorney’s fee....”
Stockham’s request under § 34-3-60 would be taxed against Ladd as “part of the costs” in the underlying action. The trial court held, however, that the Code section was inapplicable because Ladd’s action against Stockham did not involve the “‘administration of the trust.’” This holding is belied by the above analysis of *476 Regions I and Regions II. Stockham’s request is not legally foreclosed by the lam guage of the Code section, and the trial court “may” ascertain a reasonable attorney fee in this case.
Stockham’s motion in the trial court also sought an award of costs under Rule 54(d), Ala. R. Civ. P. Stockham claims on appeal that the trial court exceeded its discretion in denying that request. Her actual argument on appeal, however, is that the trial court erred in failing to specifically explain its reasons for denying the motion for costs. In support of this claim, Stockham cites City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala.1981). However, I do not believe that City of Birmingham holds that it is reversible error for the trial court to fail to explain its rationale for refusing to order costs. Specifically, the discussion of Rule 54(d) in that case appears to be dicta, because the decision actually holds that the Declaratory Judgment Act controlled the award of costs in that case. 396 So.2d at 697. No authority is cited to support the holding that the trial court, in denying the Rule 54(d) motion, or failing to explain its reasons for doing so, exceeded its discretion. Therefore, I do not believe that Stockham demonstrated error on the Rule 54(d) issue. However, on remand, the trial court must necessarily reconsider the denial of the Rule 54(d) request in light of this Court’s decision that attorney fees “may” be awarded as “costs” under §. 34-3-60.