MURDOCK, Justice
(dissenting in case no. 1140407).
I respectfully dissent from the Court’s reversal of the trial court’s decision not to grant Margaret Stockham’s motion for costs and attorney fees.
Stockham, as personal representative of the estate of Herbert Stockham, deceased, argues three grounds upon which she says she is entitled to a reversal of part or all of the trial court’s order denying costs and fees: (1) as to the denial of costs, .Stock-ham cites Rule 54(d), Ala. R. Civ. P., and argues reversible error in the trial court’s failure to set out in its order a written explanation of the basis for its decision; (2) as to both attorney fees and litigation costs, Stockham argues reversible .error based on an alleged entitlement to the fees and costs under Ala.Code 1975, §§ 19-3B-708 and -709; and (3) as to attorney fees, Stockham argues error based on Ala.Code 1975, § 34-3-60.
As to 'the Rule 54(d) issue, the general rule in Alabama is that a trial court may enter an order or judgment without stating its reasons for doing so. See, e.g., Swindle v. Swindle, 157 So.3d 983, 992 (Ala.Civ.App.2014) (“With limited exceptions, the trial court is not required to provide findings of fact or to express, either orally on the record or within a writing, any or all of-its reasoning for the decision it makes.”). Nothing in the text of Rule 54 prescribes any different rule for orders taxing costs.[11]
Stockham nonetheless asserts the contrary proposition, relying upon City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala.1981). Although the opinion in City of Birmingham may conclude with precatory language admonishing trial courts as to what this Court considers the better practice, see 396 So.2d at 697, the case itself necessarily does not stand for the proposition that a failure to follow that better practice is reversible error. The trial court in that case did not include in *477 its order any statement explaining its reasons for declining to award costs to the prevailing party. Yet this Court upheld that order, relying on the broad discretion vested in trial courts as to such matters. 396 So.2d at 697 (noting that “[t]he judge’s cost ruling is entirely discretionary, and we will not reverse unless it appears from the record, after indulging all fair intend-ments in favor of the ruling, that the taxation of costs was unjust and unfair” and stating that “we are unable to conclude that the trial judge abused his discretion”).[12]
The general rule in this State is that a trial court is not required to state its reasoning for an order or judgment. Nothing in the text of Rule 64(d) changes that general rule with regard to costs. Without a textual basis for doing so, I feel no compunction to engraft such a requirement into the text of Rule 54(d), and certainly less compunction to impose such a requirement as to discretionary orders addressing costs than as to orders addressing the merits of an action.
As to the second basis for reversal argued by Stockham, Ala.Code 1975, § 19-3B-709(a), states that “[a] trustee is entitled to be reimbursed out of the trust property.” (Emphasis added.) See also Regions Bank v. Lowrey, 101 So.3d 210, 220 (Ala.2012) (“[W]hen a trustee defends itself against attacks concerning the management of trust assets, the trustee is entitled to recover its litigation expenses, including attorney fees, from the trust.” (emphasis added)). Section 19-3B-708 refers generally to compensation paid to a trustee for actions taken in the capacity of trustee for the trust. Read in pari materia with § 19-3B-709, the implication is that such compensation likewise is to be paid from the trust. That is, § 19-3B-708 does not provide for the costs or fees incurred by a trustee in defending against an action to be awarded against the opposing party in that litigation.
None of the trust entities in question is a party to this litigation. Sections 19-3B-708 and -709 provide no basis for reversing the trial court’s decision not to award fees and costs against Ladd. I am not deterred in this conclusion by the fact that Ladd has not seized upon this issue. This Court may seize upon it as an alternative valid legal ground for affirming the trial court’s order. See Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., 881 So.2d 1013, 1020 (Ala.2003) (noting that we may affirm a trial court’s judgment on any valid legal ground not implicating due process).
As to the third and final ground for reversal argued by Stockham, § 34-3-60, I believe the main opinion and Justice Shaw misread the trial court’s order, taking out of context the trial court’s observation that the action, as filed, was against Herbert Stockham as a former trustee and that the lawsuit did not involve the “administration *478 of a trust.” The point being made by the trial court was not that the claims against Herbert were not claims alleging misfeasance by him as a trustee in the “administration of a trust,” but that § 34-3-60 has been construed to authorize a trial court to award attorney fees to a trustee only when the trustee’s stance in litigation is one taken for the benefit of the trust, as opposed to one taken by the trustee for his or her personal benefit, i.e., to defend himself or herself from personal liability. Viewed in its entirety, the trial court’s discussion of § 34-3-60 paints a different rationale than that attributed to it. I set out here the trial court’s reasoning in its entirety:
“In regard to Ala.Code [1975,] § 34-3-60[,] the Alabama Supreme Court has held that the ‘allowance of attorney’s fees under the above statute is on the basis of, and solely for, benefits inuring to the common estate, and the tenants in common.’ Pate v. Law, 173 So.2d 596, 600 (Ala.1965); see Ex parte Martin, 775 So.2d 202, 206 (Ala.2000) (noting that an attorney fee can be awarded under § 31-3-60 only if the services of the attorney were performed for the common benefit of all.’); Graddick v. First Farmers & Merchants Nat’l Bank of Troy, 453 So.2d 1305, 1311 (Ala.1984) (‘Services for the common benefit of the parties means services that are of benefit to the common estate, in other words services rendered in a matter in which the trust as a trust is interested and not services on behalf of the individual interests of the parties to the cause.’); Farlow v. Adams, 474 So.2d 53, 59 (Ala.1985) (‘In Alabama, when the contentions of a party in litigation are in the interest of and for the benefit of the entire trust estate, the courts will award costs and attorneys’ fees from the trust estate to the party benefitting the trust estate.’); Weatherly v. SouthTrust Bank of Calhoun County, N.A., 706 So.2d 1209, 1212 (Ala.Civ.App.1997) (“Whether to award an attorney fee for services rendered on behalf of a trust is within the sound discretion of the trial court. However, the services of the ■ attorney must actually be for the benefit of the trust.’) (internal citation omitted)....
“Black’s Law Dictionary defines ‘administration’ as a ‘judicial action in which a court undertakes the management and distribution of property5 and specifically lists ‘administration of a trust’ as an example. Black’s Law Dictionary (9th ed.2009). This case did not involve the management and distribution of property held in a trust; rather, Ladd’s action against [Herbert] Stock-ham alleged claims of breach of fiduciary duty for [Herbert’s] failure to protect the ... property [of the Herbert C. Stockham Trust and the Virginia C. Stockham Trust (the ‘Trusts’) ] as a former cotrustee and director of SVI [Corporation]. Since the language set forth in Ala.Code [1975,] § 34 — 3—60[,] is plain and unambiguous, this Court must enforce the statute and give the words their ordinary and plain meaning. Because this case did not involve the ‘administration of a trust,’ Stockham’s motion is denied.
“In addition, Herbert Stockham resigned as cotrustee of the Trusts over three years prior to this action being filed; therefore he was not serving in the capacity as cotrustee of the Trusts during this litigation. Further, there is no dispute that the attorneys’ fees and costs incurred by Stockham in this case were not for services performed for the common benefit of the estate or for the beneficiaries. Rather, those fees were incurred, for Herbert Stockham’s defense in this action over the allegations of his breach of fiduciary duties as for *479 mer trustee of the Trusts. Moreover, in this action, neither Herbert Stockham nor his attorneys ‘performed any services to benefit the Trusts. For these reasons as well, the Court denies Stock-ham’s Motion.”
(Emphasis added.)
The trial court’s order is well researched, and its reasoning is sound. As the trial court explains, Herbert Stockham engaged in this litigation to defend himself from personal liability, not to benefit the “administration of a trust.” The trial court’s decision to not award attorney fees under § 34-3-60 therefore was not based on the legal error attributed to it by the main opinion, i.e., a supposed failure to recognize that the claim against Herbert involved an alleged breach of his fiduciary duty during the time he was serving as a trustee. It is based on the fact that nothing in § 34-3-60, as repeatedly interpreted by this Court, would authorize such an award in a case of this nature.

Conclusion

The expenses incurred by Stockham to litigate this dispute may be recoverable by Stockham against a trust pursuant to the terms of §§ 19-3B-708 and -709. But none of the trusts is a party to this case. We have been presented with no basis upon which to conclude that the decision of the trial court not to impose an award of attorney fees against Ladd in the present case must be reversed. Likewise, I see no basis upon which we can conclude that the trial court erred to reversal in exercising its considerable discretion to not award costs against Ladd in the present case.

. Nor do the Committee Comments to Rule 54 lend any support to a contrary -view. Those comments provide simply that a trial court is "authorized] to decline to tax costs at all;”

. The great discretion afforded trial courts has been noted frequently in the 35 years since City of Birmingham was decided. See, e.g., Classroomdirect.com, LLC v. Draphix, LLC, 992 So.2d 692, 710 (Ala.2008) (“[T]his Court's caselaw is well settled that the taxation of costs is discretionary with the trial court. See, e.g., Smith v. Smith, 482 So.2d 1172, 1175 (Ala.1985) ('The taxation of costs pursuant to [Rule 54(d), Ala. R. Civ. P.,] is generally left to the sound discretion of the trial judge.’); Vulcan Oil Co. v. Gorman, 434 So.2d 760, 762 (Ala.1983) ('[T]he taxation of costs ... rests in the discretion of the trial judge, whose decision will not be reversed unless clear abuse is shown.’).”). See also Ex parte Osborn, 375 So.2d 467, 469 (Ala.1979) ("As regards petitioners’ contention that the trial court must state the reasons for its taxation of costs to both parties, we note only that [Rule 54(d) ] does not so require.’’); Best v. State, Dep't of Revenue, 423 So.2d 859, 862 (Ala.Civ.App.1982) (to same effect).